IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL R. HOGSETT, JR., | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 3:20-cv-146-DWD |
| ERIC WILLIAMS, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Petitioner Samuel Hogsett, Jr.'s habeas petition brought pursuant to 28 U.S.C. § 2241. (Doc. 1) The petition has been fully briefed and is ripe for decision. (Docs. 1, 24, 25, 29) For the following reasons, the petition is due to be denied.

In March 2006, a superseding indictment charged Hogsett with three crimes, including violation of 18 U.S.C. § 922(g)(1) by knowingly possessing a gun after having been convicted of a felony. (Doc. 24-2 at 2) Respondent concedes that this indictment did not specifically allege that Hogsett knew he was a felon at the time he possessed the gun. (Doc. 24 at 3) In January 2007, a jury found Hogsett guilty of all the crimes charged in the indictment. (Doc. 25-1 at 4) On appeal, the Seventh Circuit Court of Appeals rejected both of Hogsett's arguments relating to bad-acts evidence and a witnesses' criminal history and affirmed the judgment. *U.S. v. Taylor*, 522 F.3d 731 (7th Cir. 2008). Subsequently, the Supreme Court of the United States denied Hogsett's petition for a writ of certiorari. *Hogsett v. United States*, 555 U.S. 1170 (2009).

In March 2010, Hogsett filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Hogsett v. United States*, No. 3:10-cv-10 (Doc. 1). As grounds for his petition, Hogsett asserted claims for ineffective assistance of counsel. *Id.* (Doc. 6 at 2). The court denied Hogsett's § 2255 motion. *Id.* (Doc. 29).

In February 2020, Hogsett filed this petition seeking relief under § 2241. (Doc. 1) Hogsett relies on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019), which held that 18 U.S.C. § 922(g) requires that the government prove a defendant *knew he was a felon* at the time he possessed a gun. Hogsett argues that the government never proved that he knew he was a felon at the time of his arrest for possessing a gun. (Doc. 1 at 7)

Generally, § 2241 petitions may not be used to raise claims of legal error in a conviction or at sentencing and are limited to challenges regarding the execution of a sentence. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner who has been convicted in federal court typically must bring challenges to his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the sentencing court. A prisoner is limited to bringing only one motion under § 2255, however, unless a panel of the appropriate court of appeals authorizes the filing of a second or successive motion after certifying that the motion will involve either newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence. Section 2255(e) contains a "savings clause" that authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit has explained that a "procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

In the wake of *Davenport*, a petitioner must meet three conditions to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than on a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion and that the decision applies retroactively. Finally, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is so grave that it is deemed a miscarriage of justice, such as "a conviction for a crime of which he was innocent." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *see also Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

Respondent concedes that Hogsett has met the first two elements required to trigger the savings clause under current Seventh Circuit precedent. (Doc. 24 at 34) However, Respondent argues that Hogsett has not shown that he is actually innocent and thus that his conviction was a miscarriage of justice. (Doc. 24 at 26) The actual-innocence standard requires the petitioner to show "that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Perrone v. United States*,

3

889 F.3d 898, 906 (7th Cir. 2018). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. In other words, the Government is not limited to the existing record to rebut any showing that petitioner might make. Rather, on remand, the Government should be permitted to present any admissible evidence of petitioner's guilt . . . ." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998).

To support his claim of actual innocence, Hogsett makes one assertion: at trial, the government did not prove his guilt because he was never asked if he knew that he was a felon or if he knew that his status as a felon made it illegal to possess a firearm. (Docs. 1 at 7 & 29 at 5) This argument fails to satisfy Hogsett's burden. Unlike at trial, it is now Hogsett's burden to affirmatively establish his innocence. *Perrone*, 889 F.3d at 906. Yet, he makes no attempt to refute evidence presented at trial or point to any in support of his claim, other than the government's failure to specifically ask him about his knowledge of his status as a felon.

Respondent offers several pieces of evidence tending to show that Hogsett was aware that he was a felon at the time of his arrest. First, Respondent points out that Hogsett had been convicted of three felonies in state court, all punishable by more than one year, and received two six-year sentences. (Doc. 25-1 at 11–13) In lieu of serving his full sentences, Hogsett completed the Illinois Department of Corrections' Impact Incarceration Program, for which he signed a consent form acknowledging his original sentence of six years. (Doc. 24-6 at 5) During the course of his federal proceedings, Hogsett also signed a stipulation admitting that "prior to July 16, 2005, Samuel Hogsett

4

had been convicted of a crime punishable by a term of imprisonment of more than one year." (Doc. 24-4 at 2) Finally, the evidence indicates that Hogsett exhibited evasive behavior at the time of his arrest. When Hogsett was stopped by police, he asked his passenger to put his gun in her purse. (Doc. 25-1 at 5) When she refused, he hid his gun underneath the seat. (Doc. 25-1 at 5) A stipulation admitting a prior felony conviction combined with evasive behavior is enough to permit an inference that Hogsett knew he was a felon at the time of his arrest. *See United States v. Maez*, 960 F.3d 949, 967 (7th Cir. 2020).

Hogsett has failed to meet his burden to show that no reasonable juror would find beyond a reasonable doubt that he had knowledge of his status as a felon when he was arrested. And Respondent has provided evidence that a reasonable juror could make such a finding beyond a reasonable doubt. Therefore, Hogsett has not met the third prong required by § 2255's savings clause and is not entitled to relief under § 2241. For all these reasons, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court shall enter judgment reflecting the dismissal and shall close this case.

It is not necessary for Petitioner to obtain a certificate of appealability should he choose to appeal this Order denying his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). Petitioner may appeal by filing a notice of appeal, which typically must be filed within 30 days of the entry of judgment. *See* Fed. R. App. P. 4.

**SO ORDERED.**

Dated: July 27, 2021

_____
DAVID W. DUGAN
United States District Judge